**Herman L. DIXON, Plaintiff–Appellant,**

**Jerome Morton, Plaintiff,**

v.

**Gerald HOFBAUER, et al., Defendants–Appellees.**

**No. 01–1710.**

United States Court of Appeals, Sixth Circuit.

Dec. 20, 2001.

Before KENNEDY, MOORE, and COLE, Circuit Judges.

*ORDER*

Herman L. Dixon, a Michigan state prisoner, appeals pro se a district court order dismissing without prejudice his civil rights action, filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Dixon filed this action with another inmate against prison officials, complaining of denial of access to the courts. The plaintiffs requested pauper status, but submitted only a statement of Dixon's account balance from four months earlier, and no six-month computer printout of the deposits and withdrawals from the account. A magistrate judge gave the plaintiffs thirty days in which to file proper

documents in support of their pauper status request, or else the complaint would be dismissed. In response, plaintiffs submitted one current account balance statement which did not indicate which prisoner it belonged to, again with no computer printout of account activity for the prior six months. The magistrate judge pointed out the inadequacy of these documents and again gave plaintiffs an additional thirty days in which to file the proper supporting documents for their pauper status motion. No response was filed to this order. However, the co-plaintiff did file a motion to voluntarily dismiss himself as a party to the action. The district court then dismissed the complaint without prejudice as to both plaintiffs. Dixon's motion for reconsideration was subsequently denied, and this appeal followed. Dixon did submit the proper documents in conjunction with his request to proceed on appeal in forma pauperis.

Upon review, we conclude that the dismissal of this action for failure to prosecute was not an abuse of discretion. *See Coleman v. American Red Cross,* 23 F.3d 1091, 1094 (6th Cir.1994). In order to proceed in forma pauperis below, Dixon was required to submit a statement of his prison account balance and a computer printout showing the deposits and withdrawals from the account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2); *McGore v. Wrigglesworth,* 114 F.3d 601, 605 (6th Cir.1997). As noted above, Dixon first filed an account balance statement from four months prior to the filing of the complaint, with no printout of account activity. After being given thirty days to submit the proper documents, he submitted another statement of account balance that did not indicate to which prisoner it belonged, again without a printout of account activity for the previous six

months. Dixon was then given another opportunity to file the proper documents, to which he filed no response. Because he did not file the proper forms after having more than sufficient opportunity to do so, the action was properly dismissed for failure to prosecute. *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997). As his filing in conjunction with this appeal shows, Dixon was capable of submitting the proper documents, but simply failed to do so.

No abuse of discretion being apparent, the district court's dismissal of this action without prejudice is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.